HENRY D. KNIGHT, APPELLANT, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, RESPONDENT.

*Railroad corporation — liability of, for cattle, in whatever way injured, because of its failure to maintain fences on the sides of its tracks —* 1850, *chap.* 140, *sec.* 44 — —1854, *chap.* 282, *sec.* 8.

One of the plaintiff's horses went upon the defendant's tracks, at a place where a length of fence was down, and ran upon a bridge, where his feet slipped between the timbers causing him to fall and break his leg and rendering it necessary to kill him.

*Held,* that the defendant was liable for the damages thereby sustained by the plaintiff, under the acts requiring railroad corporations to erect and maintain fences on the sides of their road, and making them liable, for a failure so to do, for "all damages which shall be done by their agents or engines to cattle, horses or other animals."

The law was enacted to prevent intrusions upon the tracks of railroad corporations which might result in loss of life to persons traveling upon them; and the liability of the company attaches in all cases in which the cattle enter upon the track because of defective fences, without regard to the manner in which they receive the injury.

APPEAL from an order setting aside a verdict in favor of the plaintiff directed at the circuit and granting a new trial.

*T. J. & J. W. Lyon,* for the appellant.

*Lewis E. Carr,* for the respondent.

DYKMAN, J.:

One of the plaintiff's horses passed upon the defendant's track, where a length of fence was down, ran on to a bridge, where its feet went between the timbers, its legs were broken and it was

necessarily destroyed.    The judge at the circuit directed a verdict for the plaintiff and afterwards set it aside on motion on the minutes. From this order we have an appeal.

The question presented, therefore, has reference to the extent of the liability of railroad corporations in this State for damages resulting from defective fences.    Does it extend to all such damages, or only to damage done by the agents or engines of the corporation.    This is the statute : " Every corporation formed under this act shall erect and maintain fences on the sides of their road, of the height and strength of a division fence required by law, with openings or gates or bars therein.    *    *    *    Until such fences and cattle guards shall be duly made, the corporation and its agents shall be liable for all damages which shall be done by their agents or engines to cattle, horses or other animals thereon."

Thus the statute lays an injunction on railroad corporations to erect and maintain fences on the sides of their road in clear and unqualified terms, and it has been steadily maintained by the courts of this State that the duty so imposed was public, and that the enactment of the statute was induced by public considerations.    The purpose of the law was to protect the traveling public and the owners of domestic animals, and it has received a wide and liberal construction.    The object and intention of the statute can be effectuated in no other way.

After imposing this public duty on these corporations, the statute proceeds to declare that for a failure of compliance they shall be liable for all damages which shall be done by their agents or engines to cattle and horses.    Does this measure their liability or does it simply declare some of the consequences of their omission ?    This is the precise question involved, and we have no authority to aid in its solution ; certainly no reason exists for such limitation of liability.    If this law was enacted to prevent intrusion on the railroad track, which might result in loss of life to persons traveling on the railroad, then liability should attach in all cases where cattle escape on the track through defective fences, irrespective of the manner in which they receive injury.    No negative words are employed to show the intention of the legislature that the corporation should be liable for injuries in no other cases than those enumerated in the statute, and if it had been intended that

their liability should have that extent and no more, some indication of that kind would be found in the language of the law. In any view, the beneficial purpose of this statute will be best accomplished by holding this and similar cases to be within its scope and meaning. Any other construction would be too narrow and tend to deprive the law of its great usefulness.

Again, if the object of this law was in part to protect the owners of domestic animals along the lines of railroads, why should such protection be restricted to cases where they are destroyed in a certain way. If it be answered that it is so nominated in the law, the reply is that the statute does not profess to enumerate all the instances of liability resulting from its violation.

If this horse had been killed by a car running by force of gravity on a descending grade, detached from an engine, the corporation would be liable, and yet the case would not be within the words of the statute. Our conclusion is that the case should be held to be within the statute.

The order appealed from should be reversed, with costs and disbursements, the motion for a new trial on the minutes should be denied, and the plaintiff should have leave to enter judgment on his verdict.

BARNARD, P. J., concurring.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order granting new trial reversed, with costs, and judgment ordered upon the verdict.